**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **PORFIRIA B. ALONZO,** ) | |
| ) | |
| **Plaintiff,** ) | **8:09CV21** |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNION PACIFIC RAILROAD COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on the plaintiff's Request of Place of Trial (Filing No. 7). The plaintiff seeks to change the designation of trial to North Platte, Nebraska, from Omaha, Nebraska. The defendant did not respond to the plaintiff's motion.

**BACKGROUND**

This case arises from the former employment of the plaintiff with the defendant. According to the allegations in the complaint, the plaintiff is a resident and citizen of North Platte, Lincoln County, Nebraska. **See** Filing No. 1 - Ex. A Complaint ¶ 1. The plaintiff states she was, at the relevant time, a 56 year old female. *Id.* ¶ 2. The plaintiff alleges she was removed from her position as a machinist because the defendant perceived her to be having health problems related to menopause. *Id.* ¶ 5. At the defendant's insistence, the plaintiff underwent a Fitness for Duty Evaluation and a psychological evaluation. *Id.* ¶¶ 7-8. Despite the positive results of the evaluations, the defendant did not allow the plaintiff to return to work. *Id.* ¶ 8. Based on these allegations, the plaintiff asserts claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 626(b); and for willful and retaliatory discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* The record reflects counsel for the plaintiff has an office in Lincoln, Nebraska.

On December 29, 2008, the plaintiff filed the instant action in the District Court of Lincoln County, Nebraska. **See** Filing No. 1 - Ex. A Complaint. On January 13, 2009, the defendant removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. Counsel of record for the defendant has an office in Omaha,

Nebraska. At the time of removal, the defendant requested trial be held in Omaha, Nebraska. *Id.* ¶ 7. However, the plaintiff contends trial is more conveniently set in North Platte, Nebraska, because that is the location of the plaintiff's residence. **See** Filing No. 7. Additionally, the plaintiff states North Platte is where the mental health provider and psychologist are located, as well as the plaintiff's supervisor and co-workers, who may all be witnesses.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The . . . removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. . . . [T]he plaintiff in a removed action within ten (10) business days after service of the notice of removal, may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the . . . removing party, it must be filed as a motion. Any other party then shall have ten (10) business days to respond.

In deciding the place of trial, "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. ***Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990)**. The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

2

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The filer's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The convenience of the plaintiff and a clear majority of the witnesses favors trial to be held in North Platte, Nebraska.  The court has no other evidence suggesting trial would be more convenient in a different location.  The defendant and its counsel may prefer Omaha, but they provided no evidence showing the location or number of witnesses who may more conveniently travel to Omaha for trial.  The defendant shows no witness is from Omaha.  On the basis of the information before the court, North Platte appears to be a more convenient place for trial than Omaha, Nebraska.  The relative convenience of the plaintiff for trial in North Platte outweighs the convenience to the defendant of having trial in Omaha.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Request of Place of Trial (Filing No. 7) is granted.
2. The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

DATED this 9th day of February, 2009.

                                          BY THE COURT:

                                          s/Thomas D. Thalken
                                          United States Magistrate Judge